THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2010 AUG 11  A 10: 07

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| KHOSROW DAVACHI<br>1024 Cameron Street<br>Alexandria, VA 22314<br><br>Plaintiff<br><br>v.<br><br>ALBERT MANANIAN<br>t/a Arian Productions<br>444 Palm Drive<br>Apartment 7<br>Glendale, California<br>or<br>343 West Cypress Street<br>Apartment A<br>Glendale, California<br><br>Defendant | Civil Action 1:10-cv-1:10cv896<br>CMH /IDD |

## COMPLAINT AND JURY DEMAND

Khosrow Davachi ("Davachi"), by counsel, pursuant top Fed. R. Civ. P. 1, *et seq.*, hereby sets forth is Complaint and Jury demand and states as follows:

### PARTIES

1. Davachi is an individual resident of Montgomery County, Maryland. He owns and operates a restaurant at 1024 Cameron Street, Alexandria, Virginia 22314.

2. Albert Mananian ("Mananian") is an individual resident of Los Angeles County, California, and transacts business from time to time under the fictitious name of Arian Productions.

### JURISDICTION

3. This Court has jurisdiction over these parties and these claims pursuant to 28 U.S.C. § 1332 as the parties to this civil action are residents of different states and the amount of Davachi's claim exceeds $75,000.

4. This Court also has personal jurisdiction over Mananian pursuant to Va. Code Ann. § 8.01-328.1, *et seq.*

## VENUE

5. Venue is appropriate before this Court in this district and this division pursuant to 28 U.S.C. § 1391, *inter alia*, because the parties entered into a business relationship in Alexandria, Virginia.

## FACTS

6. Mananian proposed to Davachi that they undertake a joint venture to produce and promote an entertainment production (the "Production") at the Patriot Center at George Mason University in Fairfax County.

7. Davachi agreed to participate in the joint venture for the Production.

8. The terms of the joint venture agreement provided that Davachi would provide funding in the amount of $160,000 to cover all costs associated with the Production; and that the parties would share equally in any profit or loss associated with the Production. The parties' agreement further provided that Mananian would undertake to provide all labor and services and to take any steps required for the Production, and that any remuneration to Mananian for these services would be satisfied out of an equal share of the profit for the Production.

8. In furtherance of the joint venture, in or around September, 2005, Davachi gave Mananian $160,000 for the Production.

7. The funds given by Davachi to Mananian were personally delivered to Mananian within Fairfax County, Virginia.

9. The Production took place. Shortly after the event, but within a time that Mananian could not reasonably have calculated and accounted for the revenues and expenses associated with the Production and the joint venture, Manamian informed Davachi that they lost $20,000, and that each of them had to suffer a $10,000 loss.

-2-

10. Davachi and his friends attended the show, and were perplexed since many tickets were sold to the event, and the numbers did not appear to justify the claimed $20,000 loss.

11. Upon information and belief, the Production actually yielded revenues which exceeded the costs of the Production; therefore, the Production produced a profit which Manamian has failed to share, equally with Davachi pursuant to the terms of their agreement.

12. In the arena after the show, Manamian gave Davachi two (2) checks for partial repayment of Davachi's $160,000 investment. One check was for $25,000 that cleared the bank, and one check was for $80,000 that bounced from Manamian's account for insufficient funds.

13. Despite demand for Manamian to make good on his bad check, for an accounting of the event, and for the return of his remaining funds due him ($ 160,000 – 10,000 (loss) = $150,000.00 – only $ 25,000 has been repaid).

14. Mananian breached his obligation to repay the funds to Davachi in accord with the terms as set forth above.

15. In an attempt to satisfy and discharge part of his indebtedness, Mananian delivered to Davachi a check drawn on his account in the amount of $80,000 as set forth on Arian Productions check number 1797 (the "Check") attached hereto as Exhibit 1.

16. Center Bank refused to pay the Check upon presentment by Davachi's bank.

### COUNT ONE: ACCOUNTING

17. Davachi incorporates the prior allegations of this Complaint at this point.

18. Mananian has received more than his just share of the profits of the joint venture and the Production.

19. Davachi has made demand upon Mananian for an accounting of the revenues, expenses, and profits associated with the joint venture and the Production.

20. Davachi is entitled to an accounting of the revenues, expenses, and profits associated with the joint venture and the Production.

21. Davachi is entitled to judgment against Mananian for his rightful share of any amounts which such accounting may show to be due to Davachi.

WHEREFORE, Davachi, by counsel, requests that this Court: undertake an accounting of the revenues, expenses, and profits associated with the joint venture and the Production; grant Davachi judgment against Mananian for his rightful share of any amounts which such accounting may show to be due to Davachi, with pre-judgment interest at the legal rate from October 1, 2005, together with post-judgment interest and his costs in this matter incurred; and that this Court grant such other relief as may be appropriate.

### COUNT TWO: BREACH OF CONTRACT

22. Davachi incorporates the prior allegations of this Complaint at this point.

23. Davachi has breached the terms of the joint venture agreement by failing to pay Davachi: (a) his share of the profits from the joint venture and the Production; and (b) the return of his initial investment of $160,000 less the $25,000 already paid.

24. Davachi is entitled to judgment against Mananian in the amount of at least $115,000 plus Davachi's share of the additional profits of the Production.

WHEREFORE, Davachi, by counsel, requests that this Court enter judgment against Mananian in the amount of: (i) $115,000 with pre-judgment interest at the legal rate from October 1, 2005, together with post-judgment interest; (ii) such other and additional amount as may be consistent with the evidence adduced at trial or any hearing as to the profit from the Production with pre-judgment interest at the legal rate from October 1, 2005, together with post-udgment interest; and that this Court and his costs in this matter incurred grant such other relief as may be appropriate.

### COUNT THREE: BREACH OF CONTRACT

25. Davachi incorporates the prior allegations of this pleading at this point.

26. Mananian breached the terms of the joint venture agreement by failing to pay

Davachi the $80,000 embodied by the check.

27. Davachi is entitled to judgment against Mananian in the amount of $80,000 as the amount due and as embodied by the Check.

WHEREFORE, Davachi, by counsel, requests that this Court enter judgment against Mananian in the amount of: (i) $80,000 with pre-judgment interest ate the legal rate form October 1, 2005, together with post-judgment interest; (ii) such other and additional amount as may be consistent with the evidence adduced at trial or any hearing as to the profit from the Production, with pre-judgment interest ate the legal rate form October 1, 2005, together with post-judgment interest; and that this Court grant such other relief as may be appropriate.

## COUNT THREE: BREACH OF FIDUCIARY DUTY

25. Davachi incorporates the prior allegations of this pleading at this point.

26. As a result of the parties joint venture agreement, and as a result of Davachi having placed $160,000 with Mananain in furtherance of the joint venture agreement, Mananian wed Davachi a fiduciary duty as a joint venturer and as the manager of the joint venture to act fairly and justly toward Davachi with regard to Mananian's conduct and with regard to accounting for and paying profits to Davachi from the Production.

27. Mananian breached this fiduciary duty for the reasons set forth, above.

28. Davachi has been damaged as a result of Mananain's breach of fiduciary duty.

29. Davachi is entitled to judgment against Mananian as a result of Mananain's breach of fiduciary duty.

30. The actions of Mananian as set forth above were taken intentionally, purposefully, and in willful disregard of the rights of Davachi.

WHEREFORE, Davachi, by counsel, requests that this Court enter judgment against Mananian: (i) in such amount as may be consistent with the evidence adduced at trial or any hearing as to the profit from the joint venture and the Production with pre-judgment interest at

the legal rate from October 1, 2005, together with post-judgment interest; (ii) for $350,000 as punitive damages; and that this Court and his costs in this matter incurred grant such other relief as may be appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Davachi demands trial by jury of all matters properly presented to a jury for determination.

Respectfully Submitted by:

_____
James T. Zelloe, VSB# 24378
[email: j.zelloe@stahlzelloe.com]
John P. Forest, II, VSB# 33089
[email: j.forest@stahlzelloe.com]
STAHLZELLOe P.C.
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: (703) 691-4940
Facsimile: (703) 691-4942
Counsel for Plaintiff